**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EDWARD EVERETT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CORPORAL MICHAEL FIORE,<br>in his individual capacity;<br><br>CORPORAL FANNING,<br>in his individual capacity;<br><br>TROOPER FIRST CLASS JASON AVIOLA,<br>in his individual capacity;<br><br>OFFICERS JOHN DOE 1-5,<br>in their individual capacities;<br><br>Defendants. | CIVIL ACTION<br><br>NO. |

**<u>COMPLAINT</u>**

AND NOW COMES the Plaintiff, Edward Everett, Jr., by and through his counsel, and states as follows in the instant Complaint.

**<u>JURISDICTION AND VENUE</u>**

1. This action is instituted under the United States Constitution, particularly under the provisions of the Fourth, Fifth and Fourteenth Amendments and under federal law, particularly the Civil Rights Act of 1871, hereinafter sometimes referred to as the "Act", <u>as amended</u>, 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

2. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331, because the instant lawsuit is premised upon federal civil rights laws.

3. Venue in the District of Delaware is properly laid pursuant to 28 U.S.C. § 1391, insofar as the following alleged unlawful conduct complained of in this Complaint, which

forms the factual and legal basis of the claims of the Plaintiff, arose within the geographical limits of this District.

**PARTIES**

4. Plaintiff Edward Everett, Jr. (*hereinafter* referred to as “Plaintiff”) is an adult *sui juris* individual, with an address of 6136 Erdick Street, Philadelphia, Pennsylvania 19135.

5. Defendant Corporal Michael Fiore (hereinafter referred to as "Defendant Fiore"), upon information and belief, is an adult *sui juris* individual who currently is serving in his capacity as a sworn officer in the Delaware State Police Department and is entrusted with the power to enforce laws of this State. Defendant is entrusted to protect the constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance.

6. Defendant Corporal Fanning (hereinafter referred to as "Defendant Fanning"), upon information and belief, is an adult *sui juris* individual who currently is serving in his capacity as a sworn officer in the Delaware State Police Department and is entrusted with the power to enforce laws of this State. Defendant is entrusted to protect the constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance.

7. Defendant Trooper First Class Jason Aviola (hereinafter referred to as "Defendant Aviola"), upon information and belief, is an adult *sui juris* individual who currently is serving in his capacity as a sworn officer in the Delaware State Police Department and is entrusted with the power to enforce laws of this State. Defendant is entrusted to protect the constitutional rights of those he encounters and at all times relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance.

8. Defendant Officers John Doe 1-5, upon information and belief, are adults *sui juris* individuals who currently serve in their capacity as sworn officers in the Delaware State Police Department and is entrusted with the power to enforce laws of this State. Defendant Officers John Doe 1-5 are entrusted to protect the constitutional rights of those they encounter and at all times relevant hereto were acting within the scope of their duties and authority, under color or title of state or municipal public law or ordinance and supervised or controlled one or more of the other Defendants herein, or acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions. Defendant Officers John Doe 1-5 are officers who it is believed will be identified in the course of this case as officers who participated in the effectuation of the excessive force used against Plaintiff and/or failed to constitutionally intervene in same.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a 23-year-old male.

11. On or about November 1, 2015, Plaintiff was driving eastbound on Kirkwood Highway in Delaware and collided with a traffic sign.

12. A few minutes after colliding with a traffic sign, as Plaintiff was talking on his cell-phone with his girlfriend explaining to her that he was just involved in a collision, a Delaware State Police vehicle appeared on the scene.

13. When the first police officer approached Plaintiff, he demanded that Plaintiff put down his phone and sit down.

14. As Plaintiff was trying to end the conversation with his girlfriend, the first police officer hit the phone out of Plaintiff's hand and threw him to the ground, causing his face to hit the pavement.

15. Upon information and belief, while Plaintiff was being forcibly held to the ground by the first police officer, two other Delaware State police officers appeared on the scene.

16. While still being forcibly held to the ground, a second police officer approached Plaintiff and slammed his knee onto Plaintiff's neck, causing Plaintiff significant pain in his neck. The second police officer had no reason to slam his knee into Plaintiff's neck, as Plaintiff was not resisting.

17. The two police officers who were using excessive force against Plaintiff then proceeded to put hand cuffs on Plaintiff.

18. After the aforesaid two police officers hand-cuffed Plaintiff, they lifted him up from the ground and began to bring him to the police car. At this point, the two police officers threw Plaintiff in the car wherein he hit his head, causing injuries to his head.

19. When Plaintiff attempted to adjust in accordance with directives and in an effort to straighten himself out and sit up, one of the two police officers who already was using excessive force against Plaintiff (discussed above) punched Plaintiff in the mouth and caused him to bleed.

20. Because Plaintiff now had blood in his mouth, due to the excessive forced used by one of the two police officers who brought him to the police vehicle, he spit the blood onto the ground. After spitting blood from his mouth onto the ground, the other police officer who brought Plaintiff to the police vehicle took out his police baton and hit Plaintiff with it.

21. Plaintiff was again forced onto the other side of the police vehicle head first and remained laid out on the back seat while he was driven to the police station.

22. Upon information and belief, during the time period that Plaintiff was being physically assaulted by two police officers (as described in Paragraphs 14-21 of this Complaint), a third police officer conspired and/or allowed such unconstitutional actions to take place in his presence and failed to intervene.[1]

23. After arriving at the police station, the two police officers who had physically assaulted Plaintiff (discussed above) continued to use excessive force against Plaintiff, including but not limited pushing him up against a wall and punching him.

24. While Plaintiff was being physically assaulted at the police station by the same two police officers that had assaulted him previously, the third police officer again conspired and/or allowed such unconstitutional actions to take place in his presence and failed to intervene.

25. After being released from custody, Plaintiff was taken to a local hospital because he had sustained multiple serious injuries to his body as a result of the aforementioned physical attacks, including but not limited to injuries to his face, head, and hands.

26. Plaintiff suffered substantial harm in that he had physical injuries, emotional injuries, and has been forced to miss time from work as a result of his injuries (which resulted in loss of income).

27. Defendants knew, or should have known, from prior operations of this kind, and/or from prior acts of misconduct by the individual Defendants, that, if not conducted in compliance with prior training and with the utilization of proper equipment by the individual Defendants, that the likelihood of property damage, physical and psychological injury, and the deprivation of the constitutional rights of innocent citizens would be substantial.

---

[1] Plaintiff is currently unable to identify by name which police officers used excessive force against him as described in Paragraphs 14-21 of this Complaint and which officer conspired and/or allowed such unconstitutional actions to occur and failed to intervene. It is anticipated that Plaintiff will be able to physically identify each individual during the course of the litigation.

28. Defendant used, conspired to use, and/or condoned unreasonable force against Plaintiff that any reasonable police officer knows or should know was excessive in nature and would directly or proximately result in physical and emotional harm to Plaintiff.

**Count I**
**Violation of 42 U.S.C. § 1983 [Excessive Force]**

29. The foregoing paragraphs are fully incorporated herein as though set forth at length.

30. The actions of all the Defendants, collectively and individually in planning, conducting, and carrying out the assault of Plaintiff deprived said Plaintiff of his constitutional rights as guaranteed by the Fourth Amendment to the Constitution (and other applicable federal constitutional Amendments or protections) and the Delaware Constitution and 42 U.S.C. § 1983, in *inter alia*, the following manners:

(a) in the unreasonable use of force or use of excessive force in the said detention of the Plaintiff at the hands of the Defendants;

(b) in the unlawful assault and/or battery of the Plaintiff at the hands of the Defendants;

(c) in the intentional or negligent infliction of emotional distress upon the Plaintiff;

(d) allowing the use of excessive force, physical assaults on innocent citizens, and deprivation of constitutional rights of citizens;

(e) in the failure of the individual Defendants to preclude, prevent, or restrain the other individual Defendants from effecting such deprivation of constitutional rights.

(f) in making no reasonable efforts to comply with standards for police encounters and the utilization of equipment and training that would have prevented the overreaction by the police to the events of that day;

(g) in condoning and conducting and failing to restrain an unlawful and unjustified application of force in violation of the constitutional rights of said Plaintiff;

(h) in using excessive force amounting to cruel and unusual punishment and a deprivation of life and liberty actionable under 42 U.S.C. § 1983;

(i) in failing to preserve the personal safety of Plaintiff and placing his safety in jeopardy by the ultra-hazardous activities carried out by one or more of the Defendants;

(j) in failing to recognize the proper use of force and proper techniques of responding to matters and circumstances similar to those at issue in the instant case;

(k) in failing to follow proper procedures and policy that would have prevented the assault conducted by Defendants on said Plaintiff and others and by overreacting and/or allowing the injuries to said Plaintiff; and

31. As a direct and proximate result of the aforesaid actions and omissions of all of the Defendants in using excessive and unreasonable force against Plaintiff, Plaintiff has suffered injuries, losses, and/or damages including, but not limited by specification to, the following:

(a) loss of enjoyment of life;

(b) physical and mental pain and suffering and anguish, and embarrassment and humiliation;

(c) physical injuries, which caused pain and required rehabilitation;

(d) a loss of income and continued work;

(e) punitive damages, which are justified factually and legally due to the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants in their individual capacity as aforesaid; and

(f) attorneys' fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, the Plaintiff, Edward Everett, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally, molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

**Count II**
**Violations of 42 U.S.C. §§ 1983 and 1986**

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Defendant Officers, both in their individual and official capacities, had knowledge of the violation of constitutional rights perpetrated on Plaintiff, but neglected and/or failed to prevent said wrongful and illegal acts when they had the power and statutory obligation to do so.

34. Defendants' neglect, aid and refusal to prevent and/or rectify infringement of the constitutional rights of Plaintiff constitutes a violation of the Civil Rights Act, 42 U.S.C. § 1986.

35. As a proximate and direct result of the above mentioned acts, Plaintiff has been damaged and has suffered injuries and was forced to endure physical pain, suffering and emotional distress, as well as mental anguish stemming from the deprivation of his rights.

WHEREFORE, the Plaintiff, Edward Everett, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally,

molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

**Count III**
**Violations of 42 U.S.C. §§ 1983 and 1985**

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. At all times relevant herein, Defendants did conspire to deprive Plaintiff of his constitutionally and statutorily guaranteed rights pursuant to the Constitution of the United States.

38. At all times relevant herein, Defendants further conspired to conceal the deprivations of liberties set forth above.

39. These conspiracies constituted and continue to constitute ongoing violations of 42 U.S.C. § 1985.

40. As a direct and proximate cause of Defendants' unlawful conspiracy to deprive Plaintiff of his aforesaid rights, Plaintiff has and continues to suffer the damages set forth herein.

**Count IV**
**Assault and Battery Against Two Defendant Officers**[2]

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. The force used against Plaintiff by two of the aforesaid police officers, including but not limited to throwing Plaintiff against ground, throwing him in the police vehicle (causing injuries to his head), punching him, unnecessarily hitting him with a police baton as well as other

[2] Plaintiff is currently unable to identify by name which two police officers subjected him to assault and battery described in the foregoing paragraphs. It is anticipated that Plaintiff will be able to physically identify each individual during the course of the litigation.

unpermitted and physical contact (described above) was both harmful and offensive to Plaintiff as would have been to any other reasonable person.

43. Furthermore, the intentional and unpermitted contact and/or imminent apprehension of such contact, as described in the foregoing paragraphs, was made with the intent to make contact with (and to harm) Plaintiff and/or put Plaintiff in imminent apprehension of such contact.

44. The intentional and unpermitted contact and/or imminent apprehension of such contact, as described in the foregoing paragraphs was excessive and extended well beyond any privilege held by a Delaware State Police Officer.

45. The force used against Plaintiff by two of the aforesaid police officers, including but not limited to throwing Plaintiff against the ground, throwing him in the police vehicle (causing injuries to his head), punching him, unnecessarily hitting him with a police baton as well as other unpermitted and physical contact (described above) caused Plaintiff to suffer:

(a) loss of enjoyment of life;

(b) physical and mental pain and suffering and anguish, and embarrassment and humiliation;

(c) physical injuries, which caused pain and required rehabilitation;

(d) a loss of income and continued work;

(e) punitive damages, which are justified factually and legally due to the outlandish and outrageous conduct, actions, and/or omissions of one or more of the Defendants in their individual capacities as aforesaid; and

(f) attorneys' fees and costs.

WHEREFORE, the Plaintiff, Edward Everett, respectfully requests that this Honorable Court award a Judgment in his favor and against all named Defendants, jointly and severally,

molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law.

**LaROSA & ASSOCIATES, LLC**

*/s/ John M. LaRosa*
**John M. LaRosa (DE Bar I.D. No. 4275)**
1225 King Street, Suite 802
Wilmington, DE 19801-3707
(302) 888-1290 (telephone)
(302) 655-9329 (facsimile)
JLR@LaRosaLaw.com

**KARPF, KARPF & CERUTTI, P.C.**
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
*An Attorney to be Designated and Admission to be Moved Pro Hac Vice*

Dated: December 9, 2016

*Attorneys for Plaintiff*