**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EDWARD EVERETT, JR., | : |
| Plaintiff, | : |
| v. | : C.A. No. 16-01165-SLR |
| CORPORAL MICHAEL FIORE, | : |
| in his individual capacity, | : |
| CORPORAL FANNING, | : |
| in his individual capacity, | : |
| TROOPER FIRST CLASS JASON AVIOLA, | : |
| in his individual capacity, | : |
| OFFICERS JOHN DOE 1-5, | : |
| in his individual capacities, | : |
| Defendants. | : |

**NAMED DEFENDANTS' A N S W E R TO COMPLAINT**

Defendants Fiore, Fanning, and Aviola, by and through counsel, answer the Complaint and deny all allegations of liability, and further respond as follows:

1.- 3.  These averments contain legal conclusions which require no response. To the extent a response is required, denied.

4.  Admitted upon information and belief.

5-7.  Admitted that Corporal Fiore, Corporal Fanning, and Trooper First Class Aviola are employees of the Delaware State Police; the remainder of these averments contain legal conclusions which are denied.

8.  These averments are directed to unknown persons who are not identified in this complaint and no response is required.

9.  This is a reincorporation paragraph that requires no response.

10.  Answering defendants lack sufficient information to admit or deny this averment.

11.  Admitted upon information and belief.

12. Answering defendants lack sufficient information to admit or deny this averment regarding plaintiff's conduct before the Delaware State Police arrived.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. This averment contains a legal conclusion which is denied, and the factual averment is denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. This averment contains a legal conclusion which is denied.

23. Denied.

24. Denied.

25. Denied that plaintiff suffered any injuries as a result of any actions from officers at the Delaware State Police.

26. Denied.

27. This averment states factual or legal generalizations which are denied.

28. This averment states factual or legal generalizations which are denied.

29. This is a reincorporation paragraph which requires no response.

30.(a-k). These factual and legal conclusions are denied.

31. (a-f). These factual and legal conclusions are denied.

32. This is a reincorporation paragraph which requires no response.

33. This averment states factual or legal conclusions which are denied.

34. This averment states factual or legal conclusions which are denied.

35. Denied.

36. This is a reincorporation paragraph which requires no response.

37. This averment states factual or legal conclusions which are denied.

38. This averment states factual or legal conclusions which are denied.

39. This averment states factual or legal conclusions which are denied.

40. Denied that defendants participated in any unlawful conspiracy or that plaintiff suffered any damages.

41. This is a reincorporation paragraph which requires no response.

42. The factual allegations of this averment are denied, and the legal conclusions are denied.

43. The factual allegations of this averment are denied, and the legal conclusions are denied.

44. The factual allegations of this averment are denied, and the legal conclusions are denied.

45.(a-f). The factual allegations of this averment are denied, and the legal conclusions are denied.

## First Defense

46. The complaint fails to state a legal claim for which relief can be granted.

## Second Defense

47. The claims are barred in whole or in part by the doctrines of sovereign immunity and the State Tort Claims Act, 10 *Del. C.* § 4001.

## Third Defense

48. The plaintiff has failed to properly serve the complaint on the defendants.

**Fourth Defense**

49. The claims are barred in whole or in part by qualified immunity.

WHEREFORE, the defendants ask for judgment in their favor for all that is just and proper, including dismissal of the action and assessment of costs against the plaintiff.

                                             **STATE OF DELAWARE**
                                             **DEPARTMENT OF JUSTICE**
                                             /s/ Michael F. McTaggart
                                             Michael F. McTaggart (#2682)
                                             Deputy Attorney General
                                             820 N. French Street, 6th Floor
                                             Wilmington, DE 19801
                                             (302) 577-8400
                                             Michael.McTaggart@state.de.us
                                             Attorney for Defendants

DATED: February 13, 2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EDWARD EVERETT, JR., | : |
|     Plaintiff, | : |
|     v. | : C.A. No. 16-01165-SLR |
| CORPORAL MICHAEL FIORE, | : |
| in his individual capacity, | : |
| CORPORAL FANNING, | : |
| in his individual capacity, | : |
| TROOPER FIRST CLASS JASON AVIOLA, | : |
| in his individual capacity, | : |
| OFFICERS JOHN DOE 1-5, | : |
| in his individual capacities, | : |
|     Defendants. | : |

**CERTIFICATE OF SERVICE**

On February 13, 2017, I certify that I served the *Answer to the Complaint* by Mailing a copy postage prepaid to the following named individual:

John M. LaRosa, Esquire
LaRosa & Associates, LLC
1225 King Street, Suite 802
Wilmington, DE 19801
Attorney for Plaintiff

                                      **STATE OF DELAWARE**
                                      **DEPARTMENT OF JUSTICE**
                                      /s/ Michael F. McTaggart
                                      Michael F. McTaggart (#2682)
                                      Deputy Attorney General
                                      820 N. French Street, 6th Floor
                                      Wilmington, DE 19801
                                      (302) 577-8400
                                      Attorney for Defendants